UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

FOUNDATION HEALTH SERVICES, INC.,
ET AL.

VERSUS

ZURICH AMERICAN INSURANCE
COMPANY

CIVIL ACTION

NO. 15-59-JJB-EWD

### RULING

This matter is before the Court on a Motion in Limine (Doc. 27) brought by the defendant, Zurich American Insurance Company ("Zurich"). The plaintiffs, Foundation Health Services, Inc., et al. ("the plaintiffs"), filed an opposition (Doc. 38-1) and the defendant filed a reply brief (Doc. 48). Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1332. For the reasons stated herein, the defendant's Motion in Limine (Doc. 27) is **GRANTED in part and DENIED in part**.

**I.    BACKGROUND**

This insurance dispute has its origins in an investigation by the Department of Health and Human Services beginning in November 2010. The investigation ultimately led to the Department of Justice ("DOJ") asserting a claim for worthless services against the plaintiffs. The plaintiffs eventually reached a settlement with the United States, acting through the DOJ, and the State of Maryland. In the present suit, the plaintiffs seek recovery of their defense costs and other losses associated with the settlement.

Zurich issued two claims-made policies to the plaintiffs—the DOC Policy and the MPL Policy. The DOC Policy was effective for the period of June 1, 2011 to April 1, 2012. One month after the expiration of the DOC Policy, the MPL Policy became effective for the period of May 1, 2012 to May 1, 2013. After reaching the settlement with the DOJ, the plaintiffs provided notice of

1

the claim and tender of defense to Zurich on May 24, 2012. Zurich denied the plaintiffs' claim for insurance coverage as to both defense and indemnity under the MPL Policy. After receiving Zurich's denial letter addressing only the MPL Policy, the plaintiffs subsequently made a second demand to Zurich, this time specifically seeking reimbursement under the DOC Policy. Zurich never provided a response.

One of the central issues presented in this case is whether a claim was first made during the policy period under the DOC Policy, or if the claim was first made under the later MPL Policy. Also at issue is whether the Zurich was reasonable in concluding that a "professional services" exclusion applied to preclude coverage, and whether Zurich breached its obligation of good faith and fair dealing. According to the plaintiffs, the claim was first made under the DOC Policy, and thus the plaintiffs filed this lawsuit alleging that Zurich breached the DOC Policy and its duty of good faith and fair dealing. Meanwhile, Zurich contends that the claim was first made under the MPL Policy, and that the MPL Policy excluded coverage for this type of claim for seven independent reasons, including that the claim arose out of the rendering of "professional services." Because there was a reasonable ground for excluding coverage, Zurich argues that it did not breach the obligation of good faith and fair dealing.

In support of their position, the plaintiffs designated William D. Hager ("Hager") as an expert witness to testify "whether Zurich met its obligations and responsibilities in connection with the claim at issue under custom and practice in the industry." *Expert Report of William D. Hager* 4, Doc. 38-9. Zurich filed the pending motion seeking to exclude Hager's testimony, principally on the grounds that Hager's opinion draws impermissible legal conclusions.[1] *Def.'s Supp. Mem.*

---

[1] Zurich also argues that Hager's testimony should be excluded because his report is conclusory and therefore it fails to satisfy Federal Rule of Civil Procedure 26(a)(2), which requires an expert report to contain a complete statement of the expert's opinions and the bases of his opinions. *Def.'s Supp. Mem.* 11, Doc. 27-2. To the extent Zurich argues that Hager's report fails to satisfy Rule 26(a)(2), the motion is denied. Vigorous cross-examination, presentation of

2

9–13, Doc. 27-2. The plaintiffs argue that Hager does not make legal conclusions in his expert report, but rather testifies as to the custom and practice of the insurance industry regarding the commencement of claims, the interpretation of potentially applicable exclusions of coverage, and obligations of an insurer during the claims adjustment process. *Pls.' Opp'n* 4–9, Doc. 38-1.

**II.   DISCUSSION**

The admission of expert testimony is governed by Federal Rule of Evidence ("Rule") 702 and the Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Rule 702 establishes that expert testimony is admissible only if: (a) the expert's testimony will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702. The proponent of expert testimony bears the burden of establishing the admissibility of the testimony. *See Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc). The district court acts as a gatekeeper and determines the admissibility of all expert testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).

While Rule 704 allows an expert to offer an opinion that "embraces an ultimate issue," the Fifth Circuit has cautioned that the Rule "does not open the door to all opinions." *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983). Specifically, a legal conclusion is inadmissible because it "invades the court's province and is irrelevant." *Id.* In the context of insurance disputes, an expert may be allowed to testify regarding insurance industry standards for claims adjusting, but not the ultimate legal conclusion that an insurance company acted in good or bad faith when

---

contrary evidence, and careful instruction on the burden of proof at trial are the traditional and appropriate means of attacking shaky but otherwise admissible evidence. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993)

3

adjusting a claim. *Versai Mgmt. Corp. v. Landmark Am. Ins. Corp.*, Civil Action Nos. 11-290, 11-2139, 11-2140, 2013 WL 681902, at *3 (E.D. La. Feb. 22, 2013). Additionally, "interpretation of an insurance policy is an issue of law decided by the court, rather than an issue of fact." *Levitz Furniture Corp. v. Houston Cas. Co.*, No. CIV. A. 96-1790, 1997 WL 218256, at * 7 (E.D. La. Apr. 28, 1997).

In this case, some of the conclusions Hager reaches in his report must be excluded because they cross into the realm of making legal conclusions of how the applicable provisions of the DOC Policy and MPL Policy should be interpreted. Specifically, Hager's legal conclusions, relating to when the claim occurred and whether the particular exclusions at issue applied, are questions of law for the Court and opinions addressing such issues are inadmissible. *Levitz*, 1997 WL 218256, at *7. Hager's report also addresses Zurich's compliance with the obligations of good faith, which are inadmissible legal conclusions. *Versai*, 2013 WL 681902, at *3. Accordingly, Zurich's motion is **GRANTED** as it pertains to the plaintiffs' expert rendering legal conclusions regarding the interpretation of the contract, and compliance with its duty of good faith and fair dealing.

However, blanket exclusion of the plaintiffs' expert is not warranted in this case. In many places within the report, Hager describes the insurance industry's customs and practices, particularly in areas related to an insurer's duties during the claims adjustment process. These opinions are admissible, as it will be helpful to the jury in determining whether Zurich acted in bad faith. *Versai*, 2013 WL 681902, at *3. Accordingly, Zurich's motion is **DENIED** to the extent that the plaintiffs' expert's opinion as to the customs and practices of the insurance industry are helpful to the finder of fact in making its bad faith determination.

**III.    CONCLUSION**

For the reasons stated above, the defendant's Motion in Limine (Doc. 27) is **GRANTED in part and DENIED in part**. The plaintiffs' expert may not testify as to the appropriate interpretation of the insurance contract. However, the plaintiffs' expert may testify about insurance industry standards, though he may not, as the Court has discussed above, render ultimate legal conclusions that Zurich acted in bad faith.

Signed in Baton Rouge, Louisiana, on April 12, 2016.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**